# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 07-cr-363 |
| | ) | |
| JORDAN JAPALUCCI | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is the PRE-TRIAL MOTION TO DISMISS SUPERSEDING INDICTMENT, with brief in support, filed by Defendant, Jordan Japalucci (*Document Nos. 32 and 33*), and response in opposition filed by the government (*Document No. 36*). After careful review of the submissions from the parties, as well as applicable case law, the Motion will be denied.

## Background

On October 2, 2007, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment against Defendant, Jordan Japalucci, in which he was charged with Travel With Intent to Engage In Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b) and (e). Defendant was arraigned and made his initial appearance in federal court on November 15, 2007. It is not disputed that Assistant United States Attorney Soo C. Song ("AUSA") advised defense counsel at the arraignment on November 15, 2007, that, "in the interests of pursuing a plea, the government had elected to charge the defendant with a violation of Title 18, United States code, Section 2423(b), which does not carry a mandatory minimum sentence of imprisonment." Response at 2. The AUSA also advised defense counsel that should a plea agreement not be agreed upon, the government would seek a Superseding Indictment which would charge Defendant with an additional count of

Transportation With Intent to Engage in Criminal Sexual Activity, in violation of Title 18, United States code, Section 2423(a) and (e), which carries a mandatory minimum statutory sentence of ten years imprisonment. The position of the government was again reiterated by the AUSA in written correspondence to defense counsel.

On February 20, 2008, the government provided a proposed plea letter to defense counsel. Prior to March 3, 2008, defense counsel informed the AUSA that his client may elect to go to trial. On April 1, 2008, with the plea offer rejected, the government obtained a Superseding Indictment which charged Defendant with an additional charge of Transportation With Intent to Engage in Criminal Sexual Activity, in violation of Title 18, United States code, Section 2423(a) and (e), which carries a mandatory minimum statutory sentence of ten years imprisonment.

## Discussion

Defendant argues that the Superseding Indictment brought against him was improperly motivated by prosecutorial vindictiveness because he has "invok[ed] his Constitutionally protected right to a trial by jury."

Vindictive prosecution may occur when the government penalizes a defendant for invoking legally protected rights. *United States v. Goodwin,* 457 U.S. 368, 372 (1982); *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978); *Blackledge v. Perry,* 417 U.S. 21, 28 (1974). Where vindictive prosecution is alleged, it is the defendant that bears the burden of proof. In a pretrial context, such as is present here, a defendant is not entitled to a presumption of vindictiveness, and must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness. *Goodwin*, 457 U.S. at 384. Importantly,

prosecutorial vindictiveness is not established simply because a defendant exercised a legal right and was subsequently indicted for an additional offense.

Defendant, through counsel, was undeniably approached by the government and he declined the opportunity to enter into plea negotiations. Defendant now contends that because of this refusal the government has increased the severity of the charges against him. The Court finds and rules that even if Defendant's belief is true, it does not warrant dismissal of the superseding indictment. The situation the Defendant describes is not one that is out of the ordinary in a criminal prosecution, and is not one that constitutes prosecutorial vindictiveness. There is no presumption of vindictiveness because a prosecutor may charge a defendant with crimes bearing an increase in punishment in response to the defendant's rejection of a proffered guilty plea. Indeed, the United States Supreme Court in *Goodwin* expressly recognized that

> [a]n initial indictment - from which the prosecutor embarks on a course of plea negotiations - does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Goodwin*, 457 U.S. at 380 (*citing Bordenkircher*, 434 U.S. at 362-365). Simply put, due process does not prohibit a prosecutor from bringing additional charges against a defendant who has refused to plead guilty to an offense with which he was originally charged. *See Goodwin*; *Bordenkircher,* 434 U.S. at 363 (holding that although the government may not retaliate against a defendant for exercising legal rights, in the context of plea bargaining there is no element of retaliation as long as the defendant is free to refuse the government's offer).

Consequently, the Defendant's motion to dismiss the superseding indictment for prosecutorial vindictiveness will be denied. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 07-cr-363 |
| | ) | |
| JORDAN JAPALUCCI | ) | |

**ORDER OF COURT**

AND NOW, this 15th day of April, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the Defendant's Pre-trial Motion to Dismiss Superseding Indictment is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Soo C. Song,
Assistant U.S. Attorney
Email: soo.song@usdoj.gov

Alexander H. Lindsay, Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Joseph V. Charlton, Esquire
The Lindsay Law Firm
Email: joe@lindsaylawfirm.com