# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 07-cr-363 |
| | ) | |
| JORDAN JAPALUCCI | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are the following motions in limine filed by the government:

• MOTION IN LIMINE REGARDING PENALTIES AND MANDATORY MINIMUMS AND SUPERSEDING INDICTMENT(Document No. 34) and the brief in opposition filed by the Defendant (Document No. 38); and

• MOTION IN LIMINE REGARDING LETTERS TO DEFENDANT FROM VICTIM, HANDWRITTEN DIRECTIONS, IMPROPER CHARACTER EVIDENCE AND SEXUAL HISTORY OR PREDISPOSITION(Document No. 35), and the brief in opposition filed by Defendant (Document No. 37).

### Motion in Limine Regarding Penalties and Mandatory Minimums and Superseding Indictment

The government requests that the Court enter an Order which precludes the defense from referring, either directly or indirectly, to the potential penalties, statutory minimums and maximums, or sentencing range upon conviction in the presence of the jury. The government also requests that the Court preclude the defense from referring to the Superseding Indictment as "governmental vindictiveness, or referring to 'plea discussions and related statements'."

Defendant, relying upon *United States v. Biaggi*, 909 F.2d 662, 690-91 (2d Cir. 1990), responds that "the defense will not seek to introduce evidence of the ten year mandatory minimum sentence for the purpose of permitting the jury to assess the consequences of a verdict, [but] rather may seek to introduce the Superseding Indictment and the harsher penalty . . . for the purpose of showing consciousness of innocence." Response at 7.[1]

At the outset, the Court notes that Defendant's Motion to Dismiss the Superseding Indictment on prosecutorial vindictiveness has been denied. Accordingly, Defendant will not be permitted to argue or refer to the Superseding Indictment as governmental vindictiveness.

As to Defendant's "consciousness of innocence" argument, his reliance upon *Biaggi* appears to be misplaced. In *Biaggi,* the defendant sought to prove that the government had offered him immunity if he would provide information about the wrongdoing of others. The district court failed to admit such proffered evidence. The United States Court of Appeals for the Second Circuit overturned certain convictions of the defendant finding that "[al]though there may [have] be[en] reasons for rejecting the [immunity] offer that are consistent with guilty knowledge, such as fear of reprisal from those who would be inculpated, a jury is entitled to believe that most people would jump at the chance to obtain an assurance of immunity from prosecution." *Id.* at 690. The appellate court, however, also drew a distinction between plea

---

[1] Defendant recognizes that the Court of Appeals for the Third Circuit has refused to adopt *Biaggi* for the principle that hearsay statements of the prosecution (and FBI) are admissible for the purpose of proving "consciousness of innocence;" however, the Defendant argues that "the Third Circuit has not rejected *Biaggi* for the notion that the conduct of filing of a superseding indictment or a refusal of immunity in and of themselves are evidence of 'consciousness of innocence'." Response. at 4.

agreements and immunity agreements noting that "the two types of negotiations differ markedly in their probative effect when they are sought to be offered against the Government." *Id.*

The facts of the instant case are clearly distinguishable from those in *Biaggi*. To begin with, the pending charges against Defendant stem from his own acts, not from the acts of others. Secondly, in *Biaggi,* the defendant sought to prove that the government had offered him immunity if he would provide information about others' wrongdoing. In this case, there has been no offer of immunity. The facts of this case are much more analogous to a typical rejection of a plea offer, in which the defendant prefers to take his chances on an acquittal by the jury, rather than accept the certainty of a punishment after a guilty plea. *See Biaggi,* 909 F.2d at 691.

The Court further notes that it appears that any introduction of a rejection of a possible plea agreement would likely confuse the issues because the jury would have to understand the calculus likely undertaken by the defendant and his counsel to reject the plea offer, which would in turn require the jury to be informed as to the application of the Sentencing Guidelines and the statutory mandatory minimum and maximum penalties. Such an exposition would lead to confusion and substantially outweigh the limited probative value of the evidence. There is also a serious risk of unfair prejudice to the Government created by placing before the jury information related to the defendant's potential sentence if convicted.

In *Shannon v. United States*, 512 U.S. 573 (1994), the United States Supreme Court noted the well-established principle that "when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.' " *Id.* at 579 (footnote omitted) (*quoting Rogers v. United States*, 422 U.S. 35, 40 (1975)).

Further, the *Shannon* Court recognized the following:

> jurors [generally] are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing range accompanying a lesser included offense. . . .The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.

*Shannon*, 512 U.S. at 579.

Because the jury in this case will have no sentencing function, this motion in limine is **GRANTED.**

### Motion in Limine Regarding Letters to Defendant From Victim, Handwritten Directions, Improper Character Evidence and Sexual History or Predisposition

A.  Alleged Letters to Defendant From Victim and Handwritten Directions

The government seeks to preclude from evidence letters which were purportedly written by the victim to the Defendant and a page of handwritten directions which also were purportedly written by the victim. The Defendant responds that he is not, at this time, intending to offer the letters into evidence at trial and also has not yet determined whether the handwritten directions will be offered into evidence at trial. The Defendant contends that the letters may be relevant "to the extent that they contradict the [victim's] statements that she was 'kidnapped and raped' " and that the handwritten directions "may become relevant should the [victim] testify that she and Japalucci looked up directions on the internet together." According to the Defendant, evidence that the victim wrote the directions would show that the plan was the idea of the victim and/or that the handwritten directions would serve to impeach the credibility of the victim should she testify that she was "kidnapped and raped."

The Court may very well sustain an objection to the referenced letters at trial for one or more of the reasons argued in the government's brief (i.e., Federal Rules of Evidence 402 and 403). However, at this time, before any witness has testified at trial, the Court is not able to rule that the letters are excludable for all purposes. Accordingly, this motion is **DENIED WITHOUT PREJUDICE.**

B.   Improper Character Evidence

The government contends that "among the letters from the minor victim to the Defendant, defense counsel included two pages of handwritten writing, purportedly written by the victim, which appear to describe a variety of prejudicial acts that are totally unrelated to the instant charge." The government has not at this point, however, enlightened the Court as to "what particular two pages of handwritten writing" it requests to exclude.

The Defendant responds that it does not intend to introduce the handwritten notes to attack the victim's character. Rather, the notes may be relevant and may corroborate the defense theory that this was not a "kidnapping and rape." Defendant represents that he does not "intend to challenge the [victim's] character with these letters and writings;" rather the defense may merely seek to introduce inconsistent statements, pursuant to Federal of Evidence 607.

Again, at this time, before any witness has testified at trial, the Court is not able to rule that such evidence is excludable for all purposes. Accordingly, this motion is **DENIED WITHOUT PREJUDICE.**

C. <u>Evidence of Victim's Past Sexual Behavior or Sexual Predisposition</u>

The government seeks to preclude the introduction of any evidence by the defense of the victim's past sexual behavior or sexual predisposition. The government has acknowledged however that it does intend to introduce evidence that relates to the sexual relationship between this victim and the Defendant under Rules of Evidence 404(b) and 413.

The Defendant responds that it does not intend to introduce evidence to show the past sexual behavior or sexual predisposition of the victim. Rather, the letters will serve to rebut the theory that the victim was "kidnapped and raped." The Defendant represents to the Court that it is not opposed to redacting reference(s) in the writings regarding the victim's past sexual behavior.

The Court finds and rules that the sexual relationship between the victim and the Defendant is admissible under Rules 404(b) and 413. However, the Court does not see any relevance to the victim's past sexual behavior or sexual predisposition with anyone other than the Defendant, should that be the case. Accordingly, any references in the writings to the victim's sexual past with someone other than the Defendant will be redacted before it can be referenced in the examination of a witness or published to the jury.

This motion in limine is **GRANTED** to the extent that the writings reference any past sexual behavior or sexual predisposition of the victim with anyone other than the Defendant.

So **ORDERED** this 17th day of April, 2008.


BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Court Judge



cc: Soo C. Song,
Assistant U.S. Attorney
United States Attorney's Office
Email: soo.song@usdoj.gov

Alexander H. Lindsay, Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Joseph V. Charlton
The Lindsay Law Firm
Email: joe@lindsaylawfirm.com